FILED

98 DEC 16 AM 10: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

DEC 16 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JEFF LANG, an individual; )
and BERTHA MEEKS, an )
individual and as parent and )
next friend of Jeff Lang, )
                               )   CV 97-PT-2657-E
    Plaintiffs, )
                               )
    vs. )
                               )
SYLVESTER JAMES, in his )
individual and official )
capacity as instructor for )
the Alabama Institute for )
Deaf and Blind; et al, )
                               )
    Defendants. )

**AMENDMENT TO MEMORANDUM OPINION FILED ON December 10, 1998**

The court feels that it should further summarize the reasons for grant of summary judgment as to the AIDB defendants.

<u>AIDB</u>

<u>Assuming</u>, without deciding that AIDB is a "person" subject to suit under § 1983, and, further assuming that AIDB is not entitled to Eleventh Amendment immunity, the court has concluded that there is no substantial evidence that AIDB had a custom, policy or practice which led to or allowed any alleged misconduct by James. Further, the substantial evidence is that AIDB reasonably relied upon state agency investigations and that said reasonable reliance did not establish any inappropriate custom,

policy or practice.

### Individual Defendants Other Than James, Erminel Love-Trescott and Joseph Busta, Jr.

Following a <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991) analysis, it is unlikely that these defendants have violated any constitutional right. They did not participate. There is no substantial evidence of notice. In any event, it is not clearly established that they could not reasonably rely upon state agency investigations. There is no substantial evidence that they acted incompetently or unreasonably. <u>Cf.</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984) and <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987).

It is further clear, as to state law claims, that there is no substantial evidence that these defendants acted willfully, maliciously or in bad faith. They are entitled to discretionary immunity. They <u>may</u> be entitled to constitutional sovereign immunity. The court does not reach that issue. <u>Cf.</u> <u>Sheth v. Webster</u>, 145 F.3d (11th Cir. 1998)(as amended).

This _16_ day of December, 1998.

/s/ Robert B. Propst

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE