FILED
99 JAN -6 PM 4:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN -6 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFF LANG, an individual; and BERTHA MEEKS, an individual and as parent and next friend of Jeff Lang,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SYLVESTER JAMES, in his individual and official capacity as instructor for the Alabama Institute for Deaf and Blind; et al,<br><br>    Defendants. | CV 97-PT-2657-E |

## MEMORANDUM OPINION

The court had reserved judgment with regard to whether the statute(s) of limitations with regard to claim(s) which accrued more than two and/or six years prior to the filing of this action were tolled by virtue of Jeff Lang's mental condition. While it might be questionable as to whether a person who is mentally retarded can be considered "insane" as that term is used in § 6-2-8, Code of Alabama 1975, the case of <u>Alabama Power v. Shaw</u>, 215 Ala. 436, 111 So. 17 (1926) appears to suggest that he can be. The case states, <u>inter alia</u>:

"'Insanity' is a broad, comprehensive and generic term, of ambiguous import, for <u>all</u> <u>unsound</u> and deranged conditions of the

mind. . . . And it ordinarily implies <u>every degree of the mind</u> . . . ."

Further:

"When this word occurs, unexplained or unlimited, in <u>any</u> statute, . . . it signifies any derangement of the mind that deprives it of the power to reason or will intelligently." (emphasis added).

<u>Travis v. Ziter</u>, 681 So. 2d 1348 (Ala. 1996) does not overrule <u>Shaw</u> in any respect. It simply declined to recognize alleged repressed memory as a type of "insanity" under the statute. The court did so primarily because of the questionable scientific validity of such assertions and the subjective nature of the assertions. Neither of these concerns is applicable here. The measurement of mental retardation is objective and scientifically accepted. The court concludes that there is at least a question of fact as to whether Jeff Lang has been of unsound mind such as to deprive his mind of the power to reason or will intelligently.

The court had considered certifying the issue to the Supreme Court of Alabama. On reflection, the court is satisfied that <u>Shaw</u> answers the pertinent questions. The court concludes that the statute(s) of limitations may be tolled for events occurring while Jeff Lang was a student of James. Further, there is a question of fact as to whether James was a state actor acting

under color of law at the time of the alleged incidents in view of teacher-student control.

While the evidence may be weak and while it may be a shame to expose a teacher to unfounded claims, the court cannot decide questions of fact.

James has also argued that Jeff Lang is incompetent to testify. As of 1990, he had a "Communication" Age Equivalent of 8.3. Prior to trial, the parties may wish to consider Federal Rule of Evidence 601 and further brief this issue. The Advisory Committee Notes state: "A witness wholly without capacity is difficult to imagine." Further, "few witnesses are disqualified" on grounds of mental incapacity.

This \_\_\_\_6th\_\_\_\_ day of January, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE